UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH GRANGER, CHRISTOPHER
KEITH REDDING, TRAVIS SCOTT,
AUSTIN SCOTT, JORDIN HARRELL and
JOSHUA COLON,

 Plaintiffs,

v.                Case No:   6:18-cv-2164-Orl-22GJK

COMPETITIVE EDGE GROUP, INC. and
FRED R. BOOTHBY,

 Defendants.

## REPORT AND RECOMMENDATION

 This Fair Labor Standards Act Case is before the Court for review and approval of the parties' amended settlement agreements (Doc. 77). Upon due consideration, I respectfully recommend that the motion be granted, and the settlement agreements be approved after certain deletions are made.

### I. Background

 On December 18, 2018, Plaintiff Joseph Granger sued his former employers, Defendants Competitive Edge Group, Inc., and Fred R. Boothby, for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Doc. 1). According to Granger, Defendants operate a landscaping business (Id., ¶¶ 4, 5). Plaintiff alleges he was a non-exempt laborer employee who worked for Defendants from April 24, 2018, through December 13, 2018 (Id., ¶¶ 2, 12). Plaintiff claims that during his employment he was regularly required to work in excess of forty hours per week (Id., ¶ 13). Plaintiff alleges that Defendants either willfully or recklessly failed to properly

compensate him at the pay rate established by the FLSA (Id., ¶¶ 28-29). Defendants deny Plaintiff's allegations regarding working overtime and his pay rate and assert fifteen affirmative defenses (Docs. 22, 29). From December 28, 2018, through May 29, 2019, Christopher Keith Redding, Travis Scott, Austin Scott, Jordin Harrell and Joshua Colon (collectively, "Plaintiffs") filed notices of consent to join (Docs. 5, 30, 31, 35, 53).[1]

On September 17, 2019, the parties informed the Court that they had reached agreements to resolve this controversy (Doc. 67). The parties' agreements are now before the Court for review, pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the

---

[1] Russell Richards, Jr. and Kyle Williford also filed notices of consent to join (Docs. 4, 13). On September 19, 2019, they were terminated as parties due to stipulations of dismissal (Docs. 65, 66, 68).

FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiffs' FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

Before approving a settlement, the district court must first scrutinize the parties' agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise of issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the parties' settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010) and Dees v. Hydrady, Inc., 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010).

### III. Discussion

#### A. Settlement Sum

The parties have agreed to settle Plaintiffs' claims as follows:

| Plaintiff | Wages | Attorney's Fees and Costs |
|---|---|---|
| Joshua Colon | $1,005.46 | $1,666.67 |
| Joseph Granger | $685.08 | $1,666.67 |
| Jordin Harrell | $368.59 | $1,666.67 |
| Christopher Redding | $32.37 | $1,666.67 |
| Austin Scott | $367.34 | $1,666.67 |
| Travis Scott | $6,012.18 | $1,666.67 |
| Totals: | $8,471.02 | $10,000.02 |

(Doc. 77-1 at 2-3, 5-6, 8-9, 11-12, 18-19). The parties agree that Plaintiffs will not recover liquidated damages (Id.).

Like most settlements, this one is driven by the facts and the parties are much better informed than the Court about the facts. No badges of fraud or overreaching are apparent, and the parties are represented by experienced attorneys. In response to my inquiry regarding the basis for the arguably nominal settlement amounts and for not providing for liquidated damages (Doc. 78), the parties filed a joint brief supporting their motion for approval of the settlement agreements (Doc. 80). In the joint brief, they explained that the "Parties ultimately followed the damage calculation used by the Department of Labor in approving wage settlements for many of Defendants['] other employees." (Doc. 80 at 2). The parties represent that the Department of Labor "approved resolution of [its] investigation without any award of liquidated damages." (Id. at 4). They also provided reasons why Defendants could have been found to have acted

in good faith, including that Defendants are not sophisticated parties and there was internal turnover leading to new individuals being responsible for payroll practices (Id. at 4-5). I see no reason to question the parties' judgment and find that the settlement amounts are reasonable.

### B. Beneficiaries of the Settlement Agreement

The settlement agreements include a lengthy list of released parties: "Defendants, including each of their subsidiaries, parent companies, affiliated entities, related entities, operating entities, franchises, divisions, successors, assigns, insurers, officers, directors, shareholders, trustees, agents, contractors, employees and attorneys ...." (Doc. 77-1 at 2, 5, 8, 11, 14, 18). In Defendants' Certificate of Interested Persons, the only persons listed are "Defendant Competitive Edge Group," "Defendant Fred R. Boothby," and "Greenberg Traurig, P.A. (Catherine Molloy and West Holden)" (Doc. 24 at 1). The non-parties being released are not identified; they are not signatories to the agreements; it does not appear that they are paying any consideration; there is no evidence that Plaintiffs know who they are so that they could make knowing and intelligent decisions whether to sign the settlement agreements; and the parties have not provided any persuasive reason for the inclusion of these non-parties in the agreements. Consequently, I cannot recommend approval of the agreements as written. See Arguelles v. Noor Baig, Inc., Case No. 6:16-cv-2024-Orl-37TBS, 2017 U.S. Dist. LEXIS 26024 (M.D. Fla. Feb. 24, 2017). To cure this problem, I respectfully recommend that the district court employ the severability clause[2] in the settlement agreements to exclude the

---

[2] The severability clause states:

> Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby

following language from paragraph 2.A. of the agreements: "**including each of their subsidiaries, parent companies, affiliated entities, related entities, operating entities, franchises, divisions, successors, assigns, insurers, officers, directors, shareholders, trustees, agents, contractors, employees and attorneys**" (Doc. 77-1 at 2, 5, 8, 11, 14, 18). The parties appear to accept this resolution, stating that they "agree to allow the Court to strike portions of the released parties definition to limit it to the two named Defendants." (Doc. 80 at 6).

### C. Attorney's Fees

The parties represent that the $10,000.02 for attorney's fees and costs to be paid to Plaintiffs' counsel was negotiated separately from Plaintiffs' recovery without regard to the amount to be paid to Plaintiffs (Doc. 77 at 8). This is sufficient to establish the reasonableness of the fees and that Plaintiffs' recovery was not adversely affected by the amount of fees paid to their counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### IV. Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the district court **SEVER AND REMOVE** the objectionable portion of the settlement agreements, and then **GRANT** the parties' renewed joint motion for approval of their

---

and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties, except that, to the extent any provision herein that relates to the dismissal of Case No. 18-cv-02164-ACC-GJK is deemed to be illegal, invalid, or unenforceable, Defendants are not obligated to honor any of the terms set forth herein and Plaintiff shall return any amounts paid by Defendants.

(Doc. 77-1 at 3, 6, 9, 12, 15, 16, 19).

settlement (Doc. 77). Once the settlement agreements, as modified, are approved, the Clerk can be directed to dismiss the case with prejudice and close the file.

### V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RECOMMENDED** in Orlando, Florida, on January 6, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record